43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill Ray GUINN, Plaintiff-Appellant,
v.
Monroe G. McKAY, Circuit Judge, U.S. Chief 10th Circuit
Appellate-Court; Stephanie K. Seymour, U.S. 10th
Circuit Appellate-Court, Defendants-Appellees.
 No. 94-1180.
 United States Court of Appeals,
 Tenth Circuit.
 Dec. 15, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Bill Ray Guinn appeals the dismissal of his civil rights action against Judges McKay and Seymour of this court, after those judges denied his motion for injunction. We cannot add significantly to the district court's analysis, and therefore AFFIRM for substantially the reasons stated in its Order of Dismissal of March 15, 1994.
 
 
 3
 Plaintiff's "Motion For The Striking of False and Misleading Statements made in bad faith Within Appellees' Brief, and For The Imposition of Disciplinary Sanctions, and Award of pro se Attorney Fees For Counsels Abuse of Signings of Pleadings" is denied as frivolous. Defendants' Motion to Supplement the Record on Appeal is denied; the record already includes as Exhibit B to plaintiff's complaint the document defendants seek to add to the record. I R. tab 3, ex. B.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470